## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | DEMAND FOR JURY TRIAL |
| COXCOM, INC., ) | |
| COX COMMUNICATIONS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| CABLE ONE, INC., ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, British Telecommunications plc ("BT"), brings this Complaint against Defendants, COX (defined below) and CABLE ONE (defined below) and states as follows:

## **INTRODUCTION**

This is an action for patent infringement. The BT patents involved in this case relate to managing and organizing the flow of data over cable networks. In particular, the patents disclose technologies that facilitate the efficient flow of internet traffic and voice transmissions over cable networks such as those typically used for transmitting television entertainment. Defendants, COX and CABLE ONE have misappropriated BT's patented technology without BT's permission and without compensating BT for use of the technology. This lawsuit seeks to prevent COX and CABLE ONE from continuing to use and misappropriate BT's technology without BT's permission and without compensating BT.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff British Telecommunications plc ("BT") is a corporation organized and existing under the laws of the United Kingdom, with offices and principal place of business at BT Centre, 81 Newgate Street, London EC1A 7AJ, England.

2. On information and belief, Defendant CoxCom, Inc. ("CoxCom") is a corporation organized and existing under the laws of the State of Delaware, with offices and a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319, and a registered agent at Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808.

3. On information and belief, Defendant Cox Communications, Inc. ("Cox Communications"), is a corporation organized and existing under the laws of the State of Delaware, with offices and a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319, and a registered agent at Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808.

4. The Defendants, CoxCom and Cox Communications, are hereinafter referenced (collectively and individually) as "COX" unless otherwise noted.

5. The Defendant Cable One, Inc. ("CABLE ONE") is a corporation organized and existing under the laws of the State of Delaware, with offices and principal place of business at 1314 North 3rd Street, Phoenix, AZ 85004, and a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over the Defendants because each of them is incorporated in Delaware, maintains a registered agent for service of process in Delaware, and has continuous and systematic contacts with this forum.

8. Venue is proper in this district under 28 U.S.C. § 1400(b) and § 1391(b) and (c).

## BACKGROUND

9. BT is a global communications company that operates in more than 170 countries worldwide. In addition to providing global communications services, BT's business involves creating new technologies that facilitate and improve communication services.

10. On August 25, 1992, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 5,142,532 ("the '532 Patent"), entitled "Communication System." BT is the assignee of the entire right, title, and interest in and to the '532 Patent. A true and correct copy of the patent is attached as Exhibit A to this complaint.

11. On June 11, 1996, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 5,526,350 ("the '350 Patent"), entitled "Communication Network With Bandwidth Managers for Allocating Bandwidth to Different Types of Traffic." BT is the assignee of the entire right, title, and interest in and to the '350 Patent. A true and correct copy of the patent is attached as Exhibit B to this complaint.

12. On March 25, 2003, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 6,538,989 ("the '989 Patent"), entitled "Packet Network." BT is the assignee of the entire right, title, and interest in and to the '989 Patent. A true and correct copy of the patent is attached as Exhibit C to this complaint.

13. On December 16, 2003, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 6,665,264 ("the '264 Patent"), entitled

"Connection Admission Control for Connection Orientated Networks." BT is the assignee of the entire right, title, and interest in and to the '264 Patent. A true and correct copy of the patent is attached as Exhibit D to this complaint.

14. BT has put the Defendants on notice of the '532, '350, '989 and '264 Patents, and, as set forth more fully below, the Defendants have nevertheless infringed one or more claims of each of these patents.

## COUNT I
## COX's INFRINGEMENT

15. BT re-alleges and incorporates paragraphs 1-14 above.

16. On information and belief, without license or authorization, COX has been and/or is infringing the '532, '350, '989 and '264 Patents by offering, selling, and providing cable internet and telephone services to customers throughout the United States using the inventions claimed in the '532, '350, '989 and '264 Patents.

17. COX's activities give rise to infringement of BT's patent rights under 35 U.S.C. §§ 271 (a), (b), and (c).

18. More particularly with respect to the '532 patent, COX has infringed, actively induced the infringement of, and/or contributorily infringed by, for example, making, using, offering to sell, selling and/or importing specialized products and services relating to allocating cable system network resources claimed by the '532 patent, *inter alia*, employing specialized allocation of data transmission resources in a cable system so as to provide and coordinate traffic on broadband networks.

19. More particularly with respect to the '350 patent, COX has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, for example, making, using, offering to sell, selling and/or importing specialized products and

services relating to cable system networks claimed by the '350 patent, *inter alia,* employing specialized data-over-cable systems that switch and multiplex multiple types of traffic.

20. More particularly with respect to the '989 patent, COX has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, for example, making, using, offering to sell, selling and/or importing specialized products and services relating to data-over-cable system networks claimed by the '989 patent, *inter alia,* employing specialized systems for admitting flow packets in a controlled manner, directing packets from multiple buffers, and generating packet flows from multiple classes of service.

21. More particularly with respect to the '264 patent, COX has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, without limitation, making, using, offering to sell, selling and/or importing specialized products and services relating to managing cable system network resources claimed by the '264 patent, *inter alia,* employing specialized bandwidth-type connection admission control functions, acceptance and traffic management based on effective bandwidth utilization of different network connection types.

22. BT has no adequate remedy at law.

23. The infringement activities of COX have caused damage to BT's rights. The extent of damage suffered by BT and caused by COX is not yet known, but the damage is substantial and will be determined in the course of litigation.

24. COX's infringement of the '532, '350, '989, and '264 Patents has been deliberate, willful, and in reckless disregard of BT's rights.

25. It is apparent that COX will continue its infringing activities, damaging BT, unless and until enjoined by this Court.

## COUNT II
## CABLE ONE's INFRINGEMENT

26. BT re-alleges and incorporates paragraphs 1-14 above.

27. On information and belief, without license or authorization, CABLE ONE has been and/or is still infringing the '532, '350, '989 and '264 Patents by offering, selling, and providing cable internet and telephone services to customers in the United States using the inventions claimed in the '532, '350, '989 and '264 Patents.

28. CABLE ONE's activities give rise to infringement of BT's patent rights under 35 U.S.C. §§ 271 (a), (b), and (c).

29. More particularly with respect to the '532 patent, CABLE ONE has infringed, actively induced the infringement of, and/or contributorily infringed by, for example, making, using, offering to sell, selling and/or importing specialized products and services relating to allocating cable system network resources claimed by the '532 patent, *inter alia*, employing specialized allocation of data transmission resources in a cable system so as to provide and coordinate traffic on broadband networks.

30. More particularly with respect to the '350 patent, CABLE ONE has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, for example, making, using, offering to sell, selling and/or importing specialized products and services relating to cable system networks claimed by the '350 patent, *inter alia*, employing specialized data-over-cable systems that switch and multiplex multiple types of traffic.

31. More particularly with respect to the '989 patent, CABLE ONE has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, for example, making, using, offering to sell, selling and/or importing specialized products and services relating to data-over-cable system networks claimed by the '989 patent, *inter alia*,

employing specialized systems for admitting flow packets in a controlled manner, directing packets from multiple buffers, and generating packet flows from multiple classes of service.

32. More particularly with respect to the '264 patent, CABLE ONE has been and is still infringing, actively inducing the infringement of, and/or contributorily infringing by, without limitation, making, using, offering to sell, selling and/or importing specialized products and services relating to managing cable system network resources claimed by the '264 patent, *inter alia*, employing specialized bandwidth-type connection admission control functions, acceptance and traffic management based on effective bandwidth utilization of different network connection types.

33. BT has no adequate remedy at law.

34. The infringement activities of CABLE ONE have caused damage to BT's rights. The extent of damage suffered by BT and caused by CABLE ONE is not yet known, but the damage is substantial and will be determined in the course of litigation.

35. CABLE ONE's infringement of the '532, '350, '989, and '264 Patents has been deliberate, willful, and in reckless disregard of BT's rights.

36. It is apparent that CABLE ONE will continue its infringing activities, damaging BT, unless and until enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, BT respectfully demands the following relief for itself and against Defendants COX and CABLE ONE:

(a) That this Court find and enter judgment that each Defendant has infringed the '532, '350, '989 and '264 Patents;

(b) That this Court issue an injunction enjoining each Defendant and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from further infringement of the '350, '989 and '264 Patents;

(c) That this Court ascertain and award BT damages sufficient to compensate for each Defendants' infringement of the '532, '350, '989, and '264 patents, and that the damages so ascertained be trebled and awarded to BT with interest;

(d) That this Court find this case to be exceptional and award BT its attorneys fees, costs, and expenses in this action; and

(e) That this Court grants such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff BT demands a trial by jury on all issues so triable.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
George I. Lee
Robert J. Irvine
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: August 5, 2010
977078

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*British Telecommunications plc*