IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-658 (SLR) |
| | ) | |
| COXCOM, INC., COX | ) | |
| COMMUNICATIONS, INC., and CABLE | ) | |
| ONE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY PENDING A DECISION BY THE UNITED
STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT IN
<u>ARRIS GROUP, INC. V. BRITISH TELECOMMUNICATIONS, PLC, NO. 2010-1292</u>**

**STATEMENT OF FACTS**

In the mid 2000's, British Telecom started a licensing assertion project accusing cable companies of infringing its patents relating to voice and data communication.  Put simply, British Telecom asserted that the combined voice, data and TV service offered by cable companies infringed its patents.  To that end, British Telecom argued that the network equipment supplied by Arris Group, Inc., Motorola and others that complied with industry standards infringed its patents and required a license.  Arris first learned of British Telecom's assertion from its customer, Cable One, who sought indemnification from Arris for any potential damages.  After a series of meetings between British Telecom, Cable One and Arris, it became clear that an amicable resolution was not possible and that litigation was imminent.

In March 2009, Arris filed suit against British Telecom in the United States District Court for the Northern District of Georgia seeking a declaration of invalidity and noninfringement of British Telecom patents.  Instead of filing a counter claim against Arris, or a separate suit against Cable One, British Telecom moved to dismiss the case for lack of subject

matter jurisdiction.  In February 2010, the Georgia Court granted British Telecom's motion. Because British Telecom had not yet filed suit, the Court found that its actions directed at Cable One did "not constitute a real and immediate injury [to Arris] for Article III jurisdiction." *Arris Group, Inc. v. British Telecomms. PLC*, 694 F. Supp. 2d 1330, 1333 (N.D. Ga. 2010).  Arris immediately appealed.  The case was docketed by the Federal Circuit in March 2010, *Arris Group v. British Telecommunications PLC*, No. 2010-1292.

The issue on appeal is simple:  does a patentee's infringement assertion against a customer's use of a product give the manufacturer of that product declaratory judgment jurisdiction? Briefing on the issue is complete and oral argument is expected in February.

In August of this year, eighteen months after Arris filed its action in Georgia, British Telecom filed this action in Delaware against Arris's customers, alleging infringement of the very same patents that are the subject of the Arris appeal.  Defendants Coxcom, Cox Communications, and Cable One now hereby move to stay this action until the Federal Circuit decides the Arris appeal.

**ARGUMENT**

It is well settled that a district court has inherent power to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v Local 215, Laborers' Intern. Union of N. Am.*, 544 F.2d 1207, 1215 (3rd Cir. 1976).  This Court has recently enumerated three general factors that a court considers when determining whether a stay is appropriate:  (a) the status of the litigation; (b) whether a stay will simplify issues and promote judicial economy; and (c) potential prejudice to the non-moving party. *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503-SLR, at 2 (D. Del. Nov. 22, 2010) (order granting stay pending reexamination).  In assessing whether a party will be prejudiced by a stay pending the resolution of a concurrent proceeding, the court should consider

the timing of both the concurrent proceeding and the request for the stay, the status of the concurrent proceeding, and the relationship of the parties. *Id.* at 3-4. In a patent case, a stay is especially appropriate when a concurrent proceeding will potentially simplify or resolve the issues of both validity and infringement of the asserted patents. *See, e.g.*, *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06-391 GMS, 2009 U.S. Dist. LEXIS 85156, at *6 (D. Del. Sept. 15, 2009) (granting stay because pending reexamination was likely to "simplify the infringement and validity issues"); *see also Adventus Ams., Inc. v. Calgon Carbon Corp.*, No. 3:08-CV-497-RJC-DCK, 2009 U.S. Dist. LEXIS 91781, at *16-17 (W.D.N.C. Sept. 15, 2009) (granting stay pending resolution of first-filed case involving same patents).

In the present action, Cox and Cable One move this Court to stay all proceedings until the Federal Circuit rules on the Arris appeal. The patents and products accused of infringement in the Georgia case are identical to the accused patents and products here. Thus, if the Federal Circuit rules in Arris's favor, the case in Georgia will go forward as a first-filed action. In view of judicial economy, it would likely make sense at that time for this Court to continue to stay this action until the Georgia case is finally decided. Alternatively, if the Federal Circuit affirms the district court, this case would proceed and discovery would commence. This motion only seeks to stay this case until the Federal Circuit decision. Once decided, this Court and the parties can determine how best to proceed.

It is expected that British Telecom will argue that while the patents are the same, a stay is not warranted because the two cases are different. Specifically, that its case for infringement in Delaware is based on how the cable companies *use* their network equipment and *not* on the equipment alone as made and sold by Arris and others. While there are many flaws in that argument, it does not need to be addressed by this Court because that same argument was

made to the Federal Circuit in opposition to Arris's claim for declaratory judgment jurisdiction. Thus, the Federal Circuit will decide whether the cases are the same, or similar enough, to allow the case in Georgia to go forward, or conversely, are sufficiently unrelated to deny Arris jurisdiction.

British Telecom may also argue that it will be prejudiced by the delay associated with a stay, which cannot be accurately predicted.  While it is true that no one can guarantee when the Federal Circuit will decide any given appeal, it is well established that, on average, the court decides cases within twelve months of filing and within three months of oral argument, if not sooner.  (Ex. A, United States Court of Appeals for the Federal Circuit Caseload Analysis FY 2009 - FY 2010.)  The Arris appeal was filed in March 2010.  Oral argument is expected very soon, and the issue on appeal is simple enough that a decision is expected as early as April 2011. Further, British Telecom cannot argue that a short delay now will result in any prejudice.  It waited years to assert its patents, and an additional eighteen months after Arris filed its declaratory judgment action.  Moreover, British Telecom is not competing with Cox or Cable One at all, let alone for providing a similar voice, data and TV service to customers.  Thus, a short stay until the Arris appeal is decided will not prejudice British Telecom.

Finally, British Telecom may argue that even if the Federal Circuit rules in Arris's favor, the Georgia court will dismiss for lack of personal jurisdiction.  Considering its substantial contacts with Georgia, it is unlikely that the Georgia court will find that British Telecom is not subject to personal jurisdiction in that forum.  Moreover, the issue of personal jurisdiction was argued and briefed in the Georgia court, which will most likely resolve that issue quickly, should the Federal Circuit remand the case.

As shown, each of the factors considered by this Court weighs in favor of a stay. Like the suit in *Vehicle IP*, this case is still "in its infancy," and discovery has not yet commenced. *Vehicle IP*, No. 10-503-SLR, at 2. The status of this case thus weighs in favor of a stay. Moreover, the issues in the concurrent Arris case will overlap all or most of the issues here. As a result, the potential for the Arris case to simplify the issues in this case also weighs in favor of a stay. Finally, as explained above, a stay poses little or no threat of prejudice to British Telecom. First, the declaratory judgment and subsequent appeal were filed by a non-party prior to the initiation of this suit, and the defendants are moving to stay these proceedings at the outset of the case. *See id.* at 3-4. Second, unlike a reexamination, which "could take years to complete," the Arris appeal is likely to be decided in six months or less, and is almost certain to be decided in the next year. *Id.* at 4. Third, British Telecom does not directly compete with the defendants. *Id.* at 4-5. In short, all of the relevant factors weigh in favor of granting a stay pending a decision by the Federal Circuit in the Arris appeal.

## CONCLUSION

For the foregoing reasons, this Court should grant defendants' motion to stay this action until the Federal Circuit decides the Arris appeal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for Cable One, Inc., CoxCom, Inc.*
   *and Cox Communications, Inc.*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
   *Attorneys for CoxCom, Inc. and*
   *Cox Communications, Inc.*

OF COUNSEL:

John M. DiMatteo
Eugene L. Chang
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8000
   *Attorneys for Cable One, CoxCom, Inc.*
   *and Cox Communications, Inc.*

Mitchell G. Stockwell
Wilson L. White
KILPATRICK STOCKTON LLP
1100 Peachtreet Street
Suite 2800
Atlanta, GA  30309-4528
(404) 815-6500
   *Attorneys for CoxCom, Inc. and*
   *Cox Communications, Inc.*

November 29, 2010
3918082

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 29, 2010 upon the following individuals in the manner indicated:

**BY E-MAIL**

Philip A. Rovner
POTTER ANDERSON & CORROON, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951

**provner@potteranderson.com**

*Counsel for British Telecommunications plc*

**BY E-MAIL**

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP

Daniel A. Boehnen
**boehnen@mbhb.com**

Grantland G. Drutchas
**grantland@mbhb.com**

George I. Lee
**lee@mbhb.com**

Robert J. Irvine, III
**irvine@mbhb.com**

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)