## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 10-658-SLR |
| COXCOM, INC.; AND COX COMMUNICATIONS, INC., | ) ) ) ) |
| Defendants. | ) ) |
| | ) |
| COMCAST CABLE COMMUNICATIONS; AND COMCAST CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civ. No. 11-843-SLR |
| BRITISH TELECOMMUNICATIONS PLC, | ) ) ) ) |
| Defendant. | ) ) |

Philip A. Rovner, Esquire and Jonathan A. Choa, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware.  Counsel for British Telecommunications plc.  Of Counsel: Daniel A. Boehnen, Esquire and Grantland G. Drutchas, Esquire of McDonnell Boehnen Hulbert & Berghoff LLP.

Beth Moskow-Schnoll, Esquire of Ballard Spahr LLP, Wilmington, Delaware.  Counsel for Plaintiffs Comcast Cable Communications and Comcast Corporation.  Of Counsel: Brian L. Ferrall, Esquire, Leo L. Lam, Esquire, Benedict Y. Hur, Esquire, Ryan K. Wong, Esquire, Nicholas D. Marais, Esquire and Theresa H. Nguyen, Esquire of Keker & Van Nest LLP.

Mary B. Graham, Esquire and Stephen Kraftschik, Esquire of Morris, Nichols, Arsht & Tunnell, LLP, Wilmington, Delaware.  Counsel for Defendants Coxcom, Inc. and Cox Communications, Inc.  Of Counsel:  John M. DiMatteo, Esquire, Eugene L. Change, Esquire and Marc E. Montgomery, Esquire of Willkie Farr & Gallagher LLP, and Mitchell G. Stockwell, Esquire and Vanessa M. Blake, Esquire of Kilpatrick Townsend & Stockton LLP.

---

**MEMORANDUM OPINION**

Dated: July $\partial\!\!\!\!\partial$, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On March 18, 2005, Cisco Systems, Inc. ("Cisco") and British

Telecommunications plc ("BT") entered a "Patent Cross-License Agreement" ("Cisco

license") granting a license under any patent claim of a "licensed patent" for

combinations of Cisco products and other items. (Civ. No. 10-658, D.I. 159, ex. 1 at ¶¶

18-22) On August 5, 2010, BT filed a complaint against Coxcom, Inc. ("Coxcom"), Cox

Communications, Inc. ("Cox Communications") (collectively, "Cox"), and Cable One,

Inc. ("Cable One"), alleging infringement of four patents. (Civ. No. 10-658, D.I. 1) On

September 6, 2011, BT amended its complaint against Cox and Cable One,[1] expanding

the infringement to cover eight patents, all "licensed patents" disclosed in the Cisco

license. (Civ. No. 10-658, D.I. 66, D.I. 159, ex. 1 at ¶¶ 18-22) Two weeks later,

Comcast Cable Communications ("Comcast Cable") and Comcast Corporation

(collectively, "Comcast") filed a complaint alleging invalidity and noninfringement of

those same eight patents. (Civ. No. 11-843, D.I. 1) The court later denied BT's motion

to add Comcast to the Cox case. (Civ. No. 10-658, Oral Order by Judge Sue L.

Robinson on March 12, 2012).

Through the pleadings filed in both cases, Cox and Comcast have asserted

defenses based on the Cisco license. (Civ. No. 10-658, D.I. 156 and D.I. 247; Civ. No

11-843, D.I. 78 and D.I. 132) BT responded by asserting counterclaims for breach of

contract and tortious interference with contractual relations. (Civ. No. 10-658, D.I. 258;

Civ. No. 11-843, D.I. 138) Presently before the court is the joint motion of Cox and

---

[1] BT dismissed Cable One as a defendant on February 12, 2012. (Civ. No. 10-658, D.I. 239; Civ. No. 10-843, D.I. 132)

Comcast to dismiss BT's counterclaims relating to the Cisco license. (Civ. No. 10-658, D.I. 270; Civ. No. 11-843, D.I. 148) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## II. BACKGROUND

BT is a corporation organized and existing under the laws of the United Kingdom, having a principal place of business in London, England. (Civ. No. 10-658, D.I. 1 at ¶ 1) Coxcom is a Delaware corporation with a principal place of business in Atlanta, Georgia. (*Id.* at ¶ 2) Cox Communications is a Delaware corporation with a principal place of business in Atlanta, Georgia. (*Id.* at ¶ 3) Comcast Cable is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Philadelphia, Pennsylvania. (Civ. No. 11-843, D.I. 1 at ¶ 1) Comcast Corporation is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Philadelphia, Pennsylvania. (*Id.* at ¶ 2)

## III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in

2

*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010)*; Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the

3

court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

### A. Breach Of Contract

To maintain a claim for breach of contract under New York law,[2] a plaintiff must show "(1) the existence of an agreement, (2) adequate performance of the contract by the [claimant], (3) breach of contract by the [accused], and (4) damages." *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)).

However, a party who is not a signatory to a contract cannot generally be held liable for breaches of that contract. *See Randall's Island Aquatic Leisure, LLC v. City of New* York, 92 A.D.3d 463, 938 N.Y.S.2d 62, 63 (N.Y. App. Div. 2012) ("There can be no breach of contract claim against a non-signatory to the contract"); *Black Car & Livery Ins., Inc. v. H & W Brokerage, Inc.*, 813 N.Y.S.2d 751, 752 (N.Y. App. Div. 2006) (breach of contract was properly dismissed because "[the respondent] was not a party to the agreement in question"). Exceptions to the general rule exist when either (a) "[the] non-signatory is found to have manifested an intent to be bound by the contract," or (b) "if their actions show that they are in privity of contract or that they assumed obligations under the contract." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 397 (S.D.N.Y. 2009); *see Horsehead Indus., Inc. v. Metallgesellschaft AG*, 657 N.Y.S.2d 632, 633 (N.Y. App. Div. 1997) (a non-signatory parent corporation

---

[2] BT asserts that New York law applies per the choice of law provision in section 5.11 of the Cisco license. (10-658, D.I. 283 at 4; 11-843, D.I. 160 at 4)

4

could be liable if its "conduct manifests an intent to be bound by the contract, which intent is inferable from the parent's participation in the negotiation of the contract, or if the subsidiary is a dummy for the parent, or if the subsidiary is controlled by the parent for the parent's own purposes."); *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 73–74 (S.D.N.Y. 1999) (based on the allegations that the non-signatory had "attended meetings ... and participated in the negotiations and drafting" of the contract, the court found that the plaintiff was in privity or had assumed obligations under the contract).

Here, there is no dispute that Cox and Comcast are non-signatories to the Cisco license. Aside from the allegation that both defendants are "Authorized Third Parties" under the Cisco license (Civ. No. 10-658, D.I. 283 at 1; Civ. No. 11-843, D.I. 160 at 1), BT offers no evidence that the companies are related in any way to either signatory, participated in any negotiations, or attended meetings regarding the contract. Further, BT offers no other facts that would evince intent to be bound by the contract or privity of contract.[3] Therefore, BT has not sufficiently pled its claim for breach of contract.[4]

## B. Tortious Interference

Under New York law, a claim for tortious interference with contractual relations "requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the

---

[3] BT argues that, under the Cisco license, defendants cannot claim BT breached its contract with Cisco. (10-658, D.I. 283 at 6-9; 11-843, D.I. 160 at 6-9) However, this argument is not relevant to a determination of whether BT can claim defendants breached the contract between BT and Cisco.

[4] The court declines to rule on the merits of defendants' *Noerr–Pennington* assertions as the matter turns on factual issues outside the pleadings and, therefore, inappropriate for a 12(b)(6) motion.

third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012) (citing *Lama Holding Co. v. Smith Barney Inc.*, 668 N.Y.2d 413, 424 (N.Y. 1996)). To satisfy knowledge of a contract, "a defendant need not be aware of all the details of a contract, [but] it must have actual knowledge of the specific contract." *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 495 (S.D.N.Y. 2002) (internal quotation marks omitted). Courts consider the following factors in deciding whether the intentional procurement was "without justification:"

> The nature of the conduct of the person who interferes, the interest of the party being interfered with, the relationship between the parties, the motive and interests sought to be advanced by the one who interferes, the social interests in protecting the freedom of action of that person, the contractual interests of the party interfered with and the proximity or remoteness to the interference of the conduct complained of.

*Cerveceria Modelo, S.A. De C.V. v. USPA Accessories LLC*, 2008 WL 1710910, at \*4 (S.D.N.Y. Apr. 10, 2008).

Here, only two of the four required elements are sufficiently pled. First, the allegation of the existence of a valid contract between BT and Cisco is undisputed. (Civ. No. 10-658, D.I. 258 at 16, D.I. 271 at 8; Civ. No. 11-843, D.I. 138 at 16, D.I. 149 at 8) Second, while BT's counterclaim only alleges a legal conclusion that defendants had knowledge of that contract (Civ. No. 10-658, D.I. 258 at 16; Civ. No. 11-843, D.I.

138 at 16), evidence exists in the record to find defendants were aware of the specific contract prior to pleading their defenses based on the contract.[5]

There are insufficient factual allegations, however, to support the remaining two elements. BT suggests that defendants' actions blocked dispute resolution and rendered performance of the contract impossible (Civ. No. 10-658, D.I. 258 at 16; Civ. No. 11-843, D.I. 138 at 16); no other allegations are directed towards the third element. The single statement alone is insufficient to allege that defendants unjustly procured Cisco's breach of contract.[6]  With respect to allegations of an actual breach, BT concedes no actual breach of the contract occurred or was even alleged against Cisco. (Civ. No. 10-658, D.I. 283 at 10; Civ. No. 11-843, D.I. 160 at 10). And as discussed above,[7] BT has not adequately pled that defendants breached the contract. As a result, BT has not sufficiently pled that the contract was actually breached. Therefore, BT's claim of tortious interference cannot survive a motion to dismiss.

## V. CONCLUSION

---

[5] In the opening brief in support of the present motion to dismiss, defendants state "[w]hen it became apparent that BT was accusing [defendants] of infringement based upon [the Cisco license], [defendants] each sought leave to amend to add a third-party beneficiary counterclaim against BT for breach of Cisco's contract with BT." (Civ. No. 10-658, D.I. 271 at 1; Civ. No. 11-843, D.I. 149 at 1)

[6] Although the justification analysis is necessarily a fact-intensive inquiry, *see Cerveceria Modelo*, 2008 WL 1710910, at *5 ("as a rule, whether the actions of one party or the other were improper or justified ought not be decided [on a motion to dismiss]."), this fact does not allow BT to survive the present motion where BT has not even pled that the alleged interferences were unjustified.

[7] *See supra* Part III.A.

7

For the foregoing reasons, the court grants Cox and Comcast's joint motion to dismiss BT's counterclaims.  (Civ. No. 10-658, D.I. 270; Civ. No. 11-843, D.I. 148)  An appropriate order shall issue.